### S. C. WALKER v. THE STATE.

*No. 7270.    Decided June 20.*

1. **Murder — Principal Offender.** — All persons are principals who are guilty of acting together in the commission of an offense.   And when an offense is actually committed by one or more persons, but others are present and, knowing the unlawful intent, aid by acts or encourage by words or gestures those actually engaged in the commission of the unlawful act; or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging, or keeping watch, are principal offenders.

2. **Same.**—To constitute a person a principal offender he must have acted in the commission of the offense or, knowing the unlawful intent of some other person to commit the offense, he must have aided by acts or encouraged by words or gestures the one actually engaged in the commission of the offense.   To constitute one a principal who did not actually commit the offense, it must not only be shown that he was present when the offense was committed but that he knew the unlawful intent of the person committing it, and so knowing that he aided such person by acts or encouraged him by words or gestures in the commission of it.   The mere presence of a person at the commission of an offense, or his mere knowledge that an offense is about to be committed, is being committed, or has been committed, or his failure to give an alarm, or his silence, inaction, or concealment of his knowledge of the offense, will not constitute him a principal offender.

3. **Same.** — But if a person is present at the commission of an offense, and acted with or encouraged some other person by word or act in the commission of it, knowing such other person's unlawful intent, the person so present aiding and encouraging will be a principal offender, although the offense was actually committed by the other person.

4. **Same.**—If one or more parties combine to commit an offense, all are amenable for whatever offense was committed by each in accordance with their common plan.

5. **Same — Ratification of Act of Another.** — The doctrine of indorsement or ratification of the act of another, so as to make the indorser or ratifier equally guilty with the main actor, is not a doctrine recognized in criminal jurisprudence.

APPEAL from the District Court of Bell.   Tried below before Hon. W. A. Blackburn.

The opinion of the court sufficiently states the case with reference to the questions decided.

*Monteith & Freeman,* for appellant.

*R. H. Harrison,* Assistant Attorney-General, for the State.

WHITE, PRESIDING JUDGE.—The indictment in this case contains two counts. Each of the counts alleges that the murder of John Mallory was committed by James B. Shearra and this appellant, S. C. Walker. The only difference in the counts is that the first alleges that the murder was committed by shooting him with a pistol and the second count by shooting him with a gun. The offense is alleged to have been perpetrated on the 23d day of December, 1890. When the case was called for trial at the March term of the District Court the defendants severed and the defendant S. C. Walker alone was put upon trial and found guilty of murder in the second degree, with his punishment assessed at ten years' confinement in the penitentiary.

The facts necessary to an understanding of the law of this case are very brief. From the evidence it appears that Walker was the proprietor of a saloon in the town of Temple. Shearra was an employe or partner in the business. About 10 o'clock upon the night of the homicide Shearra became very much intoxicated and boisterous at the saloon, so much so that Walker, fearing he would get into trouble, determined to take him home and put him to bed. They started up the street with that view. They reached a point on their route where they had to cross Tenth Street on a narrow plank crossing leading from one sidewalk to the other, and only one person could go at a time. At this crossing another party was with them, and in going across the other man, named Heard, went first, and next to him was Walker, this defendant, and then came Shearra, the drunken man Walker was taking home. About the time these parties started across the narrow plank walk the deceased and a young man by the name of Cummings, who was with him, also started to cross the said street on said plank walk behind the aforesaid parties. Mallory, the deceased, was immediately behind Shearra, the drunken man, and Cummings behind him. When they reached the middle of the street Mallory attempted to pass by Shearra or slipped and fell against him. As he did so Shearra instantly turned around, muttered something, drew his pistol, and fired the fatal shot which caused Mallory's death. The appellant Walker, whom we have before seen was just in front of Shearra, hearing the muttered words and the pistol shot turned around immediately, and according to the testimony of the State's witnesses struck Mallory a blow in the face with his fist, knocking him down. Walker, who testified in the case himself, swears that he did not strike Mallory at all, but that he struck some other party who rushed up to him just after the shot was fired. Mallory, after having been shot, ran across the street into a saloon, where he fell.

The defendant carried Shearra on home, and after putting him to bed came back down the street, and ascertaining that Mallory had been shot went over to see him. In his interview with Mallory, Mallory said: "Sam Walker, you know who shot me. Your one-armed bar-

keeper shot me and you helped him do it." This Walker, the defendant, denied, saying, "I never did anything to you, John," to which deceased did not reply.

This is the statement of what occurred between the two parties, defendant and deceased, as made by Pat Mallory, a brother of deceased. Dr. Hawkes, also a State's witness, says: "I heard Sam Walker say to John Mallory, as he lay on the floor of the Big Indian saloon, 'John, I heard that you claimed to have been shot in my saloon.' John replied, 'Oh, Sam Walker, you know where I was shot. You were in the crowd, or you helped to kill me.'" As stated above, the defendant Walker in his testimony denies positively that he ever struck the deceased with his fist after he was shot by Shearra. All of the State's witnesses who testify that he did strike the deceased testify that he did so after the deceased had already received the fatal shot at the hands of Shearra. We will treat the case as though the evidence of the State is true and that the defendant did strike the deceased after the deceased had been shot by Shearra under the circumstances detailed.

As seen by the allegations in the indictment, the defendant is charged with being a principal offender in the commission of the murder—that is, it is alleged that he committed it himself as a principal in connection with Shearra.

Our statute provides that all persons are principals who are guilty of acting together in the commission of an offense, and when an offense is actually committed by one or more persons, but others are present and, knowing the illegal intent, aid by acts or encourage by words or gestures those actually engaged in the commission of the unlawful act; or who, not being actually present, keep watch so as to prevent the interruption of those engaged in committing the offense, such persons so aiding, encouraging or keeping watch, are principal offenders, and may be prosecuted and convicted as such. Penal Code, arts. 74, 75.

Under this statute to constitute one a principal offender he must first be acting in the commission of the offense, or secondly, knowing the unlawful intent of some other person to commit the offense, he must have aided by acts or encouraged by words or gestures the one actually engaged in the commission of the unlawful act. Where it is sought to hold one amenable as a principal to some other person who actually commits the unlawful act, not only is his presence essential to be shown, but it must further be shown that he knew the unlawful intent of the party about to commit the crime, and that knowing the unlawful intent he aided him by acts and encouraged him by words in its commission. The mere presence of the party, nor the mere knowledge that an offense is about to be committed, nor knowledge that an offense is being committed, or has been committed, nor failure to give alarm, his silence, inaction or supposed concealment of the offense will neither, or any of them, constitute him a principal offender. Willson's Crim.

Stats., secs. 147, 148, and authorities cited. But if he is not only present but shown to have acted with or encouraged some other party by word or act in the commission of a crime, knowing the unlawful intent of such other party, he is deemed a principal in such crime, although the act constituting such crime was actually committed by another. Id., secs. 149, 150.

If one or more parties combine to commit an offense all are amenable for whatever offense was done by each in accordance with their common plan.

Now, applying these rules of law to the facts as we have stated them above, do the facts show with sufficient certainty that the appellant is guilty of the crime for which he has been convicted? To make him guilty he must have acted with Shearra in taking the life of deceased. Did he do so? The fatal shot which took his life was fired before this defendant took any part in the matter. There is no evidence that he knew that Shearra intended to take the life of the deceased. All the evidence shows that the transaction occurred unexpectedly and suddenly, under circumstances which could not have been anticipated by any of the parties. It was a most sudden meeting or a jostling together of deceased and Shearra, followed as quick as could be by the muttered curses or expressions of Shearra and instantaneous with the drawing and firing of the pistol shot. Defendant, if he struck the deceased at all, did not strike him until after he had been fatally shot, and it is not contended that his blow added to the degree or fatality of the wound inflicted upon him by Shearra's pistol. But again, in order to hold defendant a principal where he did not participate in the actual infliction of the fatal wound, it was absolutely necessary for the State to show that he knew of Shearra's intent to commit the murder or fire the fatal shot, and that knowing this intent upon the part of Shearra, he aided it or encouraged him by acts or words to do so. Does the evidence show any such state of case? On the contrary it shows that appellant was in advance. He did not even know that deceased was behind Shearra. There is no testimony that he even saw the deceased fall against or jostle Shearra, or that he knew anything had transpired between the parties, until he heard the muttered words, if such there were, which were followed instantaneously by the pistol shot, and too soon for him to have interposed even to have prevented the act of Shearra, much less to have aided him by acts and encouraged him by words in its perpetration.

In fact the evidence shows that the act was committed before he had an opportunity to aid by acts or encourage by words. Suppose that hearing the pistol and turning immediately he sees his drunken friend confronted by some one with whom he is engaged in a sudden difficulty, which has caused a shooting by the one party or the other, and under the impulse of the moment he strikes and knocks down the man who

is confronting his friend.   Does that make him a principal offender with Shearra, his friend, who has already fired the fatal shot which ultimately causes death to his adversary?   It is contended by private counsel appearing for the State that it does, because a blow under these circumstances is a ratification and indorsement of whatsoever had been done by Shearra previously in the contest, and Shearra having done that which proves to be murder, that he indorsed and ratified the act and thereby became a principal to the murder which Shearra had already committed.   We do not know of any such rule of criminal law.   The doctrine of indorsement or ratification of an act already committed by another, so as to make the indorser and ratifier equally guilty with the main actor or party indorsed, is a principle and rule of conduct which we have not found laid down by any of the standard elementary authors of criminal law, and we know of no such rule having been announced in any of the decisions of the courts of last resort in this country, nor have we been cited to any authority bearing out that proposition by the learned and distinguished counsel for the State.

We are of opinion that the conviction in this case is not supported by the evidence, and the judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.