**Alex JENNINGS, Sr., Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 35518.

Court of Criminal Appeals of Texas.

March 13, 1963.

Rehearing Denied May 1, 1963.

Second Rehearing Denied May 29, 1963.

Sidney E. Dawson, Walter L. Wray, and W. J. Durham, Dallas, for appellant.

Bruce Allen, County Atty., McGee Parramore, Asst. County Atty., Waxahachie, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is assault with intent to murder with malice; the punishment, 25 years.

As in Brothers v. State, 167 Tex.Cr.R. 521, 321 S.W.2d 311, the question of prime importance in this case is whether or not the evidence is sufficient to support this conviction of appellant as a principal.

Sergeant Brown of the Waxahachie police testified that on the day in question appellant's wife met him at the county jail where she signed a written complaint against appellant, charging him with an assault upon her; that as they were leaving the jail appellant and his son drove up, appellant got out and approached them, grabbed his wife by the arm, spun her around, and asked her, "What in the Hell are you doing here?" At this juncture, according to Brown, he took a hold on appellant's arm because he had seen a mark on the woman's arm and "didn't see any sense in her getting hit again" and told appellant that a complaint had been filed against him

and that he would have to come around to the city hall to get things straightened out. Brown stated that he "saw we were going to have a scuffle" when appellant told him, "Ain't no * * * is going to lock up a Jennings"; so he placed the complaint on the seat of his automobile and, when he turned back, received a blow on his nose. He then reached in his automobile again to get a "slapper" ("a double piece of leather with a handle on it"), and as he again straightened up appellant, who was behind him, "*grabbed* my left wrist and my right arm and got me off balance and then this boy (appellant's son) came back in again and I felt him give me several licks in the stomach area."

One Childress came to the officer's assistance, and he also was cut. Appellant and his son fled; Brown discovered that he had been severely cut and was carried to the hospital in an ambulance. His injuries were established by medical testimony.

Appellant in his testimony denied that he saw his son cut either Brown or Childress or that he had advised or encouraged him to do so. He did state, however, in answer to a question by his own counsel, "*I saw the knife in his hand when I grabbed* * * *."

■ There was a great deal of other testimony, but we believe that the above constitutes a fair summary of the evidence in the light most favorable to the State in determining the sufficiency of the evidence. Franklin v. State, 147 Tex.Cr.R. 636, 183 S. W.2d 573, and cases there cited.

■ Reliance is had upon Lee v. State, Tex.Cr.App., 214 S.W.2d 619, which we had occasion to distinguish in Brothers v. State, supra. We have concluded that the aid which appellant gave his son by grabbing Brown by both arms and getting him off balance so that Brown's stomach would be vulnerable to his son's attack was sufficient to take this case out of the rule announced in Lee and bring it within the rule set forth in Brothers and the cases there

cited. We have not reached this conclusion with ease, but ours is seldom an easy task.

■ There are several other questions raised, and they will be discussed briefly. It is contended that the court failed to submit all possible verdicts which the jury should have had under the evidence. The matter is not preserved by bill of exception or in any manner which this Court might review.

■ We find no merit in appellant's contention that the court erred in permitting the officer to testify that appellant's wife had filed a complaint against him. The court admitted the same as shedding light on Brown's authority to arrest appellant, and was admissible for such purpose.

■ There is no proof in this record to establish appellant's claim of racial discrimination in the selection of the grand jury or the jury which tried him.

Finding no reversible error, the judgment is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

Appellant complains that in our opinion on original submission we did not pass upon his Point Number Five, which was that the court erred in permitting the prosecuting attorney to bring out on cross-examination of the appellant that his wife had made repeated statements and complaints to officers and third parties about his treatment of her, being testimony of a wife against her husband when he was not on trial for an offense committed upon her, in violation of Art. 714, Vernon's Ann.C.C.P.

A careful reading of appellant's cross-examination does not reflect that any testimony was elicited from him by state's counsel with reference to statements or complaints made by his wife to any officers or third parties.

As was pointed out in our original opinion, the testimony of Officer Brown that appellant's wife had filed a complaint against him was properly admitted by the court as shedding light upon the officer's authority to arrest appellant.

Remaining convinced that a proper disposition was made of the appeal on original submission, the motion for rehearing is overruled.

Opinion approved by the court.