JAMES W. BAIRD V. THE STATE.

No. 16906.   Delivered June 27, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 983.

The opinion states the case.

*Crumpton & Crumpton,* of Texarkana, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder, and his punishment assessed at confinement in the State penitentiary for a term of two years.

The State's contention is and was that the appellant shot and killed his wife and then shot himself twice through the chest. The appellant contended that his wife, on the day of the alleged difficulty, insisted that he borrow $150.00 and let her have it; that he went to the bank and applied for a loan in said sum and the officials of the bank were willing to make the loan upon the security offered but demanded repayment within 90 days, payable in installments of $50.00 per month; that he realized he could not meet such a requirement as he had to pay his current expenses. He returned home and told his wife of the requirements of the bank and that he could not meet the same, whereupon she became angry and began to abuse him and told him that he had not tried; that she grabbed his pistol and shot him twice through the chest; that after being shot he grabbed her and took the pistol away from her, when he lost consciousness and did not know whether he shot her or not; that the first time he learned that his wife was shot was in the sanitarium when the county attorney told him.

The appellant's first contention is that the evidence is insufficient to warrant a conviction of the offense of murder without malice. The testimony adduced by the State shows that on the occasion of the fatal difficulty there were two parties in the back yard of an adjoining home and one on the sidewalk near the appellant's home looking at a ball game. The witness who was on the sidewalk testified that she heard a scream in the appellant's back yard; that she turned and looked in that direction and saw the appellant and his wife facing each other and immediately heard a gun fire; that she ran away and didn't remember how many shots were fired; that the scream which she heard was a woman's voice. One of the two wit-

nesses who were in the back yard of an adjoining home testified that they were in the back yard of John B. Williams' home across the street from Mr. Baird's home; that they heard a gun fire and a scream which sounded like the voice of a woman coming from the direction of Mr. Baird's home. The other witness testified that he was sitting in the back yard of John B. Williams' home watching a ball game; that he heard Mrs. Baird scream three times, saw her throw up her hands and saw Mr. Baird shoot the gun twice, and she fell to the ground; that he, Baird, had a pistol and shot twice in rapid succession; that she, Mrs. Baird, screamed and fell to the ground and then he, Mr. Baird, knelt over her and shot her again; that the three shots which he heard were made by Mr. Baird shooting towards his wife. We believe that the testimony adduced by the State, if believed by the jury, would justify a conviction of murder.

By bill of exception No. 1 the appellant complains of the action of the trial court in permitting the district attorney, on cross-examination of the appellant, to ask him "is it not a fact that you were drinking on that day and is it not a fact that you went home repeatedly under the influence of liquor?" The bill of exception fails to disclose what answer, if any, the appellant made to said interrogatory, and therefore the bill fails to disclose any error.

By bill of exception No. 2 the appellant complains of the action of the trial court in permitting the State to prove by Mrs. Adams that at times Baird was mean to his wife and other times he was good to her. The court in his qualification to the bill states that this testimony was admitted in rebuttal to the testimony offered by the appellant that he always treated his wife very kindly. We believe that in view of the qualification to the bill it fails to disclose any error. Besides, we are of the opinion that the testimony was admissible to show the appellant's cruel treatment of his wife and ill feeling toward her, if any, and in support of our views we refer to the case of Howard v. State, 25 Texas App., 686, and Spears v. State, 41 Tex. Crim. Rep., 527.

Bills of exception 3 and 4 will be treated together as they relate to the same subject matter. By said bills the appellant complains of the action of the trial court in permitting the mother of the deceased to testify that she knew how he, appellant, treated his wife; that he abused her a lot, sometimes it was very bad; that she stayed there at nights and could not sleep because she was uneasy. The court in his qualification to

the bill states that the appellant interposed the following objection to said testimony: "I object to her condition." As thus qualified, the bill of exception fails to disclose any error. However, we are of the opinion that the testimony was admissible under article 1257a, Penal Code, to show the appellant's conduct, demeanor, and ill feeling toward the deceased.

By bill of exception No. 5 the appellant complains of the charge of the court. We have examined the court's charge and are of the opinion that it submitted the appellant's defensive theory in a very favorable manner.

By bill of exception No. 6 the appellant complains of the argument of the district attorney. The bill of exception, however, shows that the court promptly sustained the appellant's objection and instructed the jury not to consider same. We do not believe that under the circumstances the argument was hurtful to the appellant in that the argument complained of was not of such a nature as tended to arouse the passion or prejudice of the jury against the appellant; besides, the jury assessed the minimum penalty prescribed by law for the offense of which the appellant was charged.

By bill of exception No. 7 the appellant complains of the action of the trial court in not granting his motion for new trial based upon newly discovered evidence. The State contested this motion supported by affidavits and the entire matter was submitted to the court whose province it was to determine the issue thus raised, which he did, and this court is not authorized to disturb his finding unless we can say that his act was not justified, and shows an abuse of discretion.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant's motion for rehearing is predicated on the contention that the evidence is not sufficient to support the conviction for the offense of murder. The argument in connection with the motion seems to be based on the assumption that appellant's testimony regarding the homicide, if accepted by the jury, would not have justified a conviction. His claim upon the trial was that his wife had grabbed his pistol from the holster and shot him twice; that he ran

into the yard followed by her, and that after he had been shot twice he secured the pistol from her, and because of his wounds became dazed and unconscious and that if he did kill his wife he had no knowledge of it until after he was apprised of the fact by the prosecuting officers after he had been taken to the hospital. Upon this point the court instructed the jury as follows: "You are further instructed in this connection that if you believe from the evidence, or have a reasonable doubt thereof, that the deceased inflicted serious bodily injury upon the defendant, and such injury was of such nature as to render the defendant incapable of knowing his acts or deeds, and under such condition he pursued and killed the deceased, it would not matter even though the deceased at the time was making no attack or attempting to attack the defendant or fleeing from the defendant to save her own life. Under such condition, you should acquit the defendant and so say by your verdict."

The jury found against appellant's contention on the issue there submitted. In determining whether the evidence supports the verdict it becomes the duty of this court to view the evidence in its strongest light from the standpoint of the State. See Mason v. State, 108 Tex. Crim. Rep., 452, 1 S. W. (2d) 283; Jolly v. State, 87 Tex. Crim. Rep., 288, 221 S. W., 279, and Notes under article 848, Vernon's Tex. Crim. Proc., vol. 3. A colored woman by the name of Maggie Wright gave the most connected account regarding the killing. She was sitting on the front porch of her home and testified that she could see perfectly to appellant's home and in his back yard. She was attracted to appellant's home by hearing the door slam and when she looked over that way appellant's wife was coming out from the porch toward the yard, followed by appellant. From this point we quote the witness' testimony. "Mr. Baird was behind her, and I heard two shots fired, and they were fired by Mr. Baird. I saw him at the time he fired those two shots. I saw Mrs. Baird. Mr. Baird had a pistol, and he was holding it and shooting toward Mrs. Baird. At the time of the shooting he was facing her, and she was just a short distance from him, about as far as from me to this table, about one good step. He shot twice. She screamed three times after the shots, after the two shots were fired, and then she fell. After she fell, Mr. Baird stooped over her, and another shot was fired, he stooped over toward her body, and another shot was fired. At that time she had fallen on the ground. After that I heard two shots, two other shots. When I heard those two shots, Mr.

Baird's back was to me, he was standing, but when the last shot was fired he was kinder stooped, stooped something like this (indicating) and two shots were fired. When those two shots were fired, Mrs. Baird was on the ground, and after those two shots were fired, Mr. Baird fell."

There is evidence in the record from other witnesses regarding the number of shots heard by them, which might have authorized the jury in reaching the conclusion that the first shots were fired in the house, and therefore, have weakened the testimony of Maggie Wright to that extent, but those are questions which this court can not determine. They are solely for the jury's consideration. Appellant seems to have been given every defensive or mitigating charge which arose under the testimony, and we have not been able to reach the conclusion that under the whole record this court would be authorized to set aside the verdict of the jury, which turns purely upon issues of fact.

The motion for rehearing is overruled.

*Overruled.*