### J. B. MASON V. THE STATE.

No. 11055.   Delivered November 30, 1927.

Rehearing denied January 18, 1928.

**1.—Rape—Argument of Counel for the State.**

   Where appellant complains of the argument of state's counsel, and it appears that all objections made to same were sustained and the jury instructed to disregard them, the evidence being sufficient, and the minimum punishment having been imposed, no reversible error is manifested.

**2.—Same—Continued.**

   Where a physician had testified that the hymen of prosecuting witness, a girl of 13 years of age, was completely ruptured, there was no error in state's counsel discussing this evidence and asserting that it was corroborative of the testimony of prosecutrix.

### ON REHEARING.

**3.—Same—Province of Jury—Exclusive Judges of Facts Proven.**

   In this state the jury has been very wisely made, the exclusive judges of the facts proven and of the weight to be given to the testimony, and

this court will not assume to exercise the right to reverse on the facts, unless the evidence, when viewed in its strongest light from the standpoint of the state fails to make guilt reasonably certain. The jury in this case, having accepted the evidence of prosecutrix as true, we find no warrant under the circumstances presented to interfere with its verdict. See Art. 706, C. C. P., Jolly v. State, 87 Tex. Crim. Rep. 288, and Taylor v. State, 87 Tex. Crim. Rep. 330.

Appeal from the District Court of Taylor County. Tried below before the Hon. W. R. Ely, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

*J. R. Stubblefield* of Eastland, for appellant.

*A. A. Dawson's* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is rape, the punishment confinement in the penitentiary for five years.

Appellant challenges the sufficiency of the evidence. The state's testimony is substantially as follows: In the year 1926 appellant, his wife, the prosecuting witness Opal Avery, who was his stepdaughter, and two stepsons lived together on a farm five miles from the town of Abilene. Opal Avery, the prosecuting witness, was thirteen years of age on the 9th day of June, 1926. During the cotton chopping season in the year 1926, appellant, the prosecuting witness and her two brothers, one twelve years of age, the other ten years of age, had been chopping cotton on an occasion when appellant's wife was away from home. Appellant and his stepchildren returned to the house about sundown. Shortly after their return to the house appellant sent the boys for the cows. After his stepsons left, appellant, who was at the barn, called prosecutrix, and she went to the barn. There was no one at the house except appellant and his stepdaughter. When she reached the barn appellant told her that he wanted to play with her and caught hold of her. After playing with prosecutrix appellant placed his penis in her private part. Prosecutrix demurred and threatened to tell her mother. Appellant stated to her that she'd better not tell if she knew what was good for her. He then said to her, "Let's go in the house. I'm afraid the boys might catch us out here." They went into the house, which was about fifty steps from the barn, where appellant placed prosecutrix on the

side of a table, pulled her up against him and had sexual intercourse with her. Both at the barn and at the house the act of penetration caused prosecutrix pain. Prosecutrix was afraid of appellant, and did not report appellant's conduct to her mother until shortly before Christmas. After the matter had been reported to the mother of prosecutrix she took appellant to task for what he had done, and appellant maintained that he had just played with prosecutrix and had not hurt her. Prosecutrix was examined by a physician in December, 1926, and it was found that her hymen had been completely ruptured.

Testifying in his own behalf, appellant denied that he ever at any time had any improper relations with prosecutrix. On cross-examination appellant admitted that on the occasion testified to by prosecutrix he had sent his stepsons after the cows, but denied that he placed his hand on prosecutrix while the boys were away.

We are unable to agree with appellant that the evidence is insufficient to support the verdict of the jury and the judgment rendered thereon.

Appellant brings forward several bills of exception wherein he complains of statements made by the private prosecutor in his argument to the jury. Except in one instance, the court instructed the jury not to consider the statements complained of. We are unable to agree with appellant that the statements were of such nature that their effect could not be withdrawn from the minds of the jury by the instruction of the court. Moreover, in view of the fact that the evidence is sufficient to warrant the conviction and that appellant received the minimum term, the statements complained of do not constitute reversible error.

The instance referred to above, in which the court refused to instruct the jury not to consider the language complained of by appellant is disclosed by bill of exception No. 1a, in which it is shown that the private prosecutor used the following language:

"The fact that the doctors say that the little girl's hymen was ruptured is a circumstance corroborating the testimony of the little girl."

Appellant excepted to this statement on the ground that it was a misstatement of the law applicable to the facts and was highly prejudicial. It was in evidence from a doctor that the hymen of prosecutrix had been ruptured, and, in our opinion, the inference drawn by counsel was legitimate.

Finding no error the judgment is affirmed.       *Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that this court should not permit the judgment to stand under the evidence. We have again reviewed the facts. If we should agree with appellant's contention it would be based not upon the proposition that the evidence is insufficient but upon the ground that we would assume to say that we do not believe the evidence given by the prosecutrix to be true, for, if believed, a case is made out. Very wisely the jury has been made the exclusive judges of the facts proven and the weight to be given to the testimony. (Art. 706, C. C. P.). It is true this court has authority to reverse a judgment on the facts as well as the law (Art. 848, C. C. P.), but this court does not and should not assume to exercise the right to reverse on the facts, unless the evidence, when viewed in its strongest light from the standpoint of the state, fails to make guilt reasonably certain. Jolly v. State, 87 Tex. Crim. Rep. 288, 221 S. W. 279; Taylor v. State, 87 Tex. Crim. Rep. 330, 221 S. W. 611. The jury having accepted the evidence of prosecutrix as true we find no warrant under the circumstances presented to interfere with its verdict.

Appellant's motion for rehearing is overruled.

*Overruled.*