# DECEMBER 13, 1944

## M. J. FRANKLIN V. THE STATE.

No. 22910.  Delivered October 11, 1944.
Rehearing Denied November 29, 1944.
Appellant's Request for Leave to File Second Motion for Rehearing
Denied (Without Written Opinion) December 13, 1944.

The opinion states the case.

*Jno. T. Spann,* of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Unlawfully carrying a pistol is the offense; the punishment, a fine of $100.00.

Peace officers apprehended appellant driving his automobile along a public highway. In the glove compartment of the car they found a pistol. This is the State's testimony and is sufficient to show a prima facie case of guilt. Art. 483, P. C.; Paulk v. State, 97 Tex. Cr. R. 415, 261 S. W. 779; Welch v. State, 97 Tex. Cr. R. 317, 262 S. W. 485; Armstrong v. State, 98 Tex. Cr. R. 335, 265 S. W. 701; and Spears v. State, 112 Tex. Cr. R. 506 17 S. W. (2d) 809.

It is not every carrying of a pistol that is unlawful. The law (Art. 484 P. C.) recognizes certain exceptions, among which are peace officers and game wardens in the actual discharge of their duties. Also by construction, it is not unlawful for one to carry a pistol who does so under the honest belief that he is an officer and, as such, is authorized to do so. Barnett v. State, 229 S. W. 519.

Appellant, by his own testimony, corroborated by the testimony of disinterested witnesses, brought himself within the three exceptions noted. This defensive testimony was not challenged, contradicted, or impeached by the State.

The trial court made an affirmative presentation of the defensive theories, which the jury rejected in reaching its verdict.

Appellant insists that, under the circumstances mentioned. this court ought not to permit the conviction to stand, because

the innocence of appellant of the offense charged was overwhelmingly established by the testimony of unimpeached and uncontradicted testimony of disinterested witnesses.

The question before us, then, is that, on the one hand, the State shows appellant was carrying a pistol on and about his person in violation of Article 483, P. C. while, on the other hand, the appellant—by the disinterested witnesses—shows that the carrying of the pistol was not unlawful.

What is the duty of this court under such circumstances? Article 706, C. C. P. makes the jury in a criminal case the "exclusive judges of the facts proved, and of the weight to be given to the testimony * * *." Article 848, C. C. P. empowers this court to reverse a judgment of conviction in a criminal case, upon the law as well as the facts.

In construing these statutes and the respective powers conferred thereby, it has been the consistent holding that this court will reverse a case on the insufficiency of the evidence only when the testimony, viewed in its strongest light from the standpoint of the State, fails to make guilt of the accused reasonably certain. Mason v. State, 108 Tex. Cr. R. 452, 1 S. W. (2d) 283; 18 Tex. Jur., page 420, Sec. 299.

It is true, as contended by appellant, that from time to time cases have been reversed by this court wherein the opinion was expressed that we were unwilling to let the judgment of conviction stand under the facts, such as Lozano v. State, 138 Tex. Cr. R. 549, 137 S. W. (2d) 1031; and Villareal v. State, 140 Tex. Cr. R. 675, 146 S. W. (2d) 406. Yet, in such cases, the conclusion so reached was based upon the weakness of the State's testimony as showing guilt of the accused.

In no case has this court reversed a judgment of conviction upon the facts where the testimony of the State showed the guilt of the accused, because to do so would be to substitute our judgment for that of the jury, which the law expressly prohibits. This court is not and cannot become, under our system of government, the trier of the facts. This power rests exclusively with the jury and usurpation by this or any other court would destroy trial by jury.

Why the jury rejected the defensive testimony in this case is not for us to inquire into. In the exercise of the powers conferred by law, the jury had the right to do so and their action thereon is not subject to review by this court.

Appellant contends that certain special charges should have been given to the jury. These were not presented nor requested at the time or in the manner required by law (Art. 659 C. C. P.) and cannot, therefore, be considered.

The State's testimony showing appellant guilty, as charged, and no reversible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists that there were certain influences operating on the jury herein that caused them to pay no attention to the proven defense of appellant to such an extent that they refused to follow the law as given them in the charge of the trial court. We are not told in the record what those influences were nor shown how they operated in such trial. We can only take the record as it comes to this court and decide the case thereon. It appears therefrom that appellant had a good defense to the charge as laid down in the information, regardless of the fact that he was found with a pistol about his person. Under a correct instruction of the law the jury refused to believe this defense, and doubtless disregarding such, they found appellant guilty because of the presence of the pistol. The jury were the exclusive judges of the credibility of the witnesses and the weight to be given to the testimony, and although we may not agree with their conclusion, there is testimony herein sufficient to uphold their verdict.

The motion will therefore be overruled.