**Jackson Johnnie MILLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37843.**

Court of Criminal Appeals of Texas.

March 3, 1965.

Rehearing Denied April 7, 1965.

Allen, Bowles & Rogers, by John C. Rogers, Dallas, (on appeal only), for appellant.

Henry Wade, Dist. Atty., John Emmett, Curtis Clover and W. John Allison, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

Upon a trial before the court without a jury, the appellant was convicted for unlawfully carrying a pistol; the punishment, sixty days in jail.

Officer Witherspoon testified that after stopping the appellant about 7 A.M. for the offense of speeding while driving an automobile upon a public street in Dallas, he found on the front seat, a pistol containing two cartridges, and elsewhere in the automobile a shotgun and a partially filled bottle of whiskey; that the appellant admitted ownership of the pistol, which appeared to be in firing condition. The officer expressed the opinion that the appellant was intoxicated.

The appellant, testifying in his own behalf, stated that he lived in Lufkin and was employed as a road driver of large truck vans for a motor freight line; that he arrived in Dallas about one week before his arrest there for the instant offense. After his arrival he began driving a truck. He stated that he had brought the pistol to Dallas to have it repaired, but had not been in Dallas at any time the gun shops were open; that he was arrested between 6 and 7 A.M., while on his way back to his home in Lufkin.

The wife of the appellant testified that she had purchased the pistol and had given it to her husband to have repaired in Dallas.

Appellant contends that the evidence is insufficient because there was no evidence to rebut his defense that he was traveling and that he was carrying the pistol for repair.

When the judge of a court is sitting as the sole trier of the facts, he is the exclusive judge of the credibility of the witnesses and the weight to be given to their testimony. Therefore the judge was authorized to accept or reject any or all of the testimony of the appellant and his wife. 24 Tex.Jur.2d 394, Sec. 725; Lopez v.

State, 356 S.W.2d 674; Gray v. State, Tex. Cr.App., 379 S.W.2d 910; Gray v. State, Tex.Cr.App., 382 S.W.2d 481.

 The evidence is sufficient to support the conviction, and, no error appearing, the judgment is affirmed.

Opinion approved by the Court.