Gerald Lewis BARNES, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 39824.

Court of Criminal Appeals of Texas.

Nov. 2, 1966.

Stone & Davis, by Stanton Stone, Freeport, for appellant.

Tom Kenyon, Dist. Atty., Wallace N. Shaw, Asst. Dist. Atty., Angleton, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

OPINION

The conviction is for transporting whiskey in a dry area; the punishment, a fine of $100.

The appellant entered a plea of not guilty on a trial before the court without a jury on March 14, 1966.

No brief was filed in the trial court assigning error.

Appellant's brief filed in this court presents the contention that the undisputed evidence showed that the transporting of whiskey was lawful under the exception in Art. 23a(1) of Art. 666 Vernon's Ann.P.C.

Proof was offered that Brazoria County was a dry area.

It is undisputed that the appellant was transporting three pints of whiskey in the automobile he was driving upon a public highway in Brazoria County. The evidence also shows that the appellant had two one-half gallons of muscatel wine and one quart of gin in the automobile.

In his own behalf, the appellant testified that he had a 100 percent physical disability and had the whiskey, gin, and wine for his own personal use, mainly so he could sleep.

The trial judge, when sitting as the sole trier of the facts, is the exclusive judge

of the credibility of the witnesses and the weight to be given to their testimony. He is authorized to accept or reject any or all of the testimony. Miller v. State, Tex.Cr. App., 388 S.W.2d 186; Walker v. State, Tex.Cr.App., 395 S.W.2d 645.

The judge resolved the issue of fact against the appellant.

The evidence is sufficient to support the conviction.

The judgment is affirmed.

Opinion approved by the Court.