Norman Lewis **COURTNEY**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41009.

Court of Criminal Appeals of Texas.

Feb. 21, 1968.

M. Gabriel Nahas, Jr., Houston, for appellant.

Carol S. Vance, Dist. Atty., Joseph W. Doucette and Ted S. Hirtz, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Carrying On or About His Person A Pistol, a violation of Article 483, Vernon's Ann.P.C.; the punishment, thirty (30) days in the county jail.

Appellant initially challenges the sufficiency of the evidence to support his conviction resulting from his trial before the court without the intervention of a jury.

Shortly after midnight, January 10, 1967, appellant was stopped by two City of Houston police officers for driving his automobile with a red rag totally obscuring his rear license plate. At that time it was discovered that appellant possessed no driver's license and it appeared that the appellant had been "drinking quite heavily." A search of the unlocked glove compartment of appellant's automobile revealed a loaded .32 caliber Beretta automatic pistol. Upon finding the pistol the arresting officer, C. I. Darrow, inquired "Who does this

belong to?", and in response thereto appellant stepped forward. The evidence reflects that another person, Ronald Dawson, was riding with appellant in the front seat of the automobile at the time of the arrest.

Testifying in his own behalf appellant acknowledged he "knew" the pistol which had come from his home and identified it as belonging to his wife. Appellant, however, denied any knowledge of the pistol being in the glove compartment. He related that earlier in the evening he had sought to collect some money due his wife, an interior decorator, from a business venture with a painter; that he did not find the painter at home but found instead the painter's hungry children; that after a telephone conversation with his wife he had gone to an ice house and purchased groceries for the children; that upon his arrival home his wife informed him that the painter had called and wanted the groceries picked up and had accused the appellant of making a "big show"; that at the time of arrest he had started back to the painter's house to collect the money due his wife and to pick up the groceries; that his wife was concerned for his safety; that he had had only one beer that evening.

Appellant's wife testified that she had given the pistol to Ronald Dawson prior to the return trip to the painter's house in order to protect her husband; that the pistol had been handed to Dawson out of appellant's presence.

Ronald Dawson, called to testify by appellant, refused, except as to his name, to answer all questions propounded to him on direct examination, claiming his privilege against self-incrimination.

For some time after the enactment of present Article 483, supra, in 1887, "on or about the person" was given a rather strict interpretation. Hardy v. State, 37 Tex.Cr.R. 511, 40 S.W. 299. See also Thompson v. State, 48 Tex.Cr.R. 146, 86 S.W. 1033; George v. State, Tex.Cr.App., 29 S.W. 386.

Subsequently the Court altered its interpretation of the Legislative intent and took an expanded view when applying the provisions of Article 483, supra, to persons occupying vehicles. Garrett v. State, Tex. Cr.App., 25 S.W. 285; Leonard v. State, 56 Tex.Cr.R. 84, 119 S.W. 98; Mayfield v. State, 75 Tex.Cr.R. 103, 170 S.W. 308; De Friend v. State, 69 Tex.Cr.R. 329, 153 S.W. 881; Hill v. State, 50 Tex.Cr.R. 619, 100 S.W. 384.

In Wagner v. State, 80 Tex.Cr.R. 66, 188 S.W. 1001, this Court said:

"The Legislature must have meant something when it used the words, 'or about the person,' and, on principle, using the word 'about' in its ordinary meaning, taking into consideration the context and subject-matter relative to which it is employed, the word, not being specially defined, must, as we believe, be held to mean, within the pistol statute, near by, close at hand, convenient of access, and within such distance of the party so having it as that such party could, without materially changing his position, get his hand on it; otherwise every person having a vehicle would be authorized to keep prohibited weapons in his vehicle and within reach of his hand, ready for action, and thus fill our streets and highways with armed men, while peaceful pedestrians and passengers or guests in such vehicles would not be so exempt from the law."

See also Emerson v. State, 80 Tex.Cr.R. 354, 190 S.W. 485; Spears v. State, 112 Tex. Cr.R. 506, 17 S.W.2d 809.

Proof that the accused carried a pistol in the glove compartment of his car warrants his conviction of carrying on or about his person a pistol. Hutspeth v. State, 158 Tex.Cr.R. 188, 254 S.W.2d 130; Franklin v. State, 147 Tex.Cr.R. 636, 183 S.W.2d 573; Spears v. State, supra.

Pointing out that he was not alone in the car appellant relies upon Jones v. State, Tex.Cr.App., 371 S.W.2d 883 and

Summerville v. State, 164 Tex.Cr.R. 591, 301 S.W.2d 913. These cases are readily distinguishable from the case at bar. In Jones the pistol was found outside the automobile the appellant was driving. There were five other passengers in the car at the time and no testimony to show Jones had possession of the pistol, exercised any control over it, or even owned the car he was driving. In Summerville the pistol was found in the glove compartment of a car driven by Summerville with three or four other people as passengers, and no evidence was offered to show he had possession or control of the pistol nor was the ownership of the car shown. Summerville is not applicable to the instant case under either the majority or dissenting opinion.

In the case at bar after his arrest while driving his car, appellant stepped forward in response to the officer's question as to the ownership of the pistol found in the glove compartment of such car. Both appellant and his wife testified that the pistol belonged to her. Ronald Dawson was not shown to have exercised any control over the pistol except that attributed to him by appellant's wife, an interested witness.

■ It is obvious that the trial court did not accept the appellant's theory of how the gun got into the car nor was it obligated to do so. In Hutspeth v. State, supra, this Court said:

"The trial judge was not bound by appellant's explanation of his purpose in having the pistol in his possession but, sitting without a jury as the trier of the facts, had the right to accept or refuse to accept appellant's testimony as true."

See also Miller v. State, Tex.Cr.App., 388 S.W.2d 186; Walker v. State, Tex.Cr.App., 395 S.W.2d 645; Gray v. State, Tex.Cr.App., 382 S.W.2d 481.

In Spears v. State, 112 Tex.Cr.R. 506, 17 S.W.2d 809, this Court said:

"The fact that the pistol was found in the right-hand pocket of the car, and that another man was sitting beside appellant and nearer to the pocket in which the pistol was than appellant, and that some one had theretofore reported the fact that the man sitting nearest the pocket containing the pistol had had said pistol in his hand, would not be deemed of sufficient weight to justify this court in overturning the deliberate verdict and judgment of the jury determining that the pistol was carried on and about the person of this appellant."

Further, this Court pointed out in Franklin v. State, 147 Tex.Cr.R. 636, 183 S.W.2d 573, that:

" * * * it has been the consistent holding that this court will reverse a case on the insufficiency of the evidence only when the testimony, viewed in its strongest light from the standpoint of the State, fails to make guilt of the accused reasonably certain. Mason v. State, 108 Tex. Cr.R. 452, 1 S.W.2d 283; 18 Tex.Jur., page 420, Sec. 299."

Under the facts, the trial judge was authorized to conclude that appellant was carrying the pistol on or about his person. Appellant's first ground of error is overruled.

In his second ground of error appellant contends that at his trial on March 20, 1967, the court erred in permitting impeaching testimony to be elicited from appellant concerning convictions over ten years old.

Appellant testified on cross-examination that in 1959 he had been convicted of forgery, and that in 1952 and 1945 he had been convicted of the offenses of burglary. Appellant objected to state counsel's interrogation as to whether he had been convicted of any felony or misdemeanor involving moral turpitude within the ten years prior to the 1959 forgery offense, and as to whether he had been convicted of any such offense within the ten years

prior to the 1952 burglary offense. The trial court overruled each objection.

 It is well settled that "where the defendant takes the stand it may be shown that he had been convicted of a felony or misdemeanor involving moral turpitude; * * *." 62 Tex.Jur.2d 378, Sec. 339. See also 39 Tex.Dig., Witnesses, ▮ p. 364; 1 Branch's Ann.P.C., Sec. 189.

An exception to this rule is that the prior conviction must not be too remote. 62 Tex.Jur.2d 380, Sec. 340; 39 Tex.Dig., Witnesses, ▮ (d), p. 369; 1 Branch's Ann.P.C., Sec. 189.

"Whether a previous conviction is too remote to impair the defendant's credibility is not to be arbitrarily determined by the lapse of time alone, but the intervening conduct of the accused is a pertinent subject of inquiry and often determines whether the proof is admissible or too remote. More broadly stated, the rule is that, regardless of the time element, the facts of each case must be looked to and considered in determining the question of remoteness. And that question is one addressed largely to the discretion of the trial court, and no hard and fast rule or period of time may be fixed. Nevertheless, the tendency of many decisions is to hold that an interval of ten years, counting from the time of release from jail if the defendant served a term of imprisonment, renders the previous conviction unavailable for impeachment, unless from the defendant's intervening conduct it appears that he has not reformed." 62 Tex.Jur.2d 380, Sec. 340.

In Gill v. State, 147 Tex.Cr.R. 392, 181 S.W.2d 276, this Court held that the appellant should have been permitted to prove the prior convictions of the state's witness ranging from 7 years old to 18 years old.

"The question of remoteness is usually to be determined in the light of the particular facts of each case, especially regarding subsequent conduct of the convict. If there be evidence showing a lack of reformation, or the subsequent conviction of another felony, then the prior conviction is not deemed subject to the objection of remoteness. * * * (collation of authorities) * * *." Gill v. State, supra.

 Notwithstanding the fact that there is no showing in the record as to when appellant was released from the confinement on either his 1945 or 1952 felony conviction, we conclude that the convictions being approximately 7 years apart were not too remote, under the circumstances presented here, for the purposes of impeachment.

▮ We find no merit in appellant's third ground of error that appellant's prior convictions were introduced to show his "prior criminal record" when Article 37.07, Vernon's Ann.C.C.P. had no application to a trial before the court on a plea of not guilty. It is obvious that such convictions were offered for impeachment purposes only.

Finding no reversible error, the judgment is affirmed.