William BOULDIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 42064.

Court of Criminal Appeals of Texas.

May 7, 1969.

Weldon H. Berry, Houston, for appellant.

Carol S. Vance, Dist. Atty., William W. Burge and Alfred Thomas, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for unlawfully carrying a pistol; the punishment, six months in jail.

The sufficiency of the evidence to support the conviction is challenged.

While Officer Ledsinger was on patrol he was informed of a disturbance and when he arrived at the location given him, he saw the appellant sitting on the driver's side in the front seat of an automobile and Gladys Herring sitting on the passenger side. Upon the officer's arrival, the appellant and Gladys got out of the car. Gladys told the officer in appellant's presence that appellant had come to where she lived and had started "bothering her, trying to get her to go with him." The appellant responded that he just wanted to talk with Gladys. Then Gladys said she did not want to talk with him "at all." Officer Ledsinger advised the appellant to leave, and also advised Gladys to go to her apartment, but neither would leave. Gladys at this time told Ledsinger that the appellant had a pistol in the car. Ledsinger then asked the appellant if he had a pistol in the car and he answered that he did. Ledsinger either removed the key from the ignition or got it from the appellant and opened the glove compartment of the car and found a pistol and six live "rounds" in a clip in the glove compartment.

The appellant did not testify, but called Gladys Herring who testified that while they were in her brother's apartment the appellant purchased a pistol from him. At appellant's request Gladys placed the pistol in the glove compartment of the car and returned to the apartment. Later Gladys, at appellant's request, accompanied him to the car where an argument arose. Officer Ledsinger, who was passing near the car, was called and he talked with them. Gladys testified that because she was mad at the appellant she told the officer that a pistol was in the glove compartment and gave him the key. The officer opened the glove compartment, found the pistol, and arrested the appellant.

 The evidence is sufficient to warrant the finding and supports the conviction of the appellant for unlawfully carrying a pistol on or about his person. Hutspeth v. State, 158 Tex.Cr.R. 188, 254 S.W.2d 130; Courtney v. State, 424 S.W.2d 440.

 The appellant complains of the failure of the court to charge the jury on his right to carry a pistol to his residence after having immediately purchased it. In the absence of any request for or any objection to the charge for the failure to so charge the jury, no error is shown. Arts. 36.14, 36.15, and 36.19, Vernon's Ann.C.C.P.

The judgment is affirmed.