Tim O'LEARY, Appellant,

v.

The STATE of Texas, Appellee.

No. 46555.

Court of Criminal Appeals of Texas.

March 14, 1973.

Rehearing Denied June 6, 1973.

Charles C. Wright, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong, C. N. Rothe, and Michael P. Hodge, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

This appeal is taken from an order revoking appellant's probation. Appellant was tried and convicted of the offense of selling a barbituric acid derivative. Punishment was assessed at three years' confinement, but imposition of the sentence was suspended and appellant was placed on probation. Several months later the State filed a motion to revoke the probation, alleging that appellant had violated a condition of probation which recited, "Neither commit nor be convicted of any offense against the laws of the State of Texas; any other state or of the United States of America."

Appellant charges an abuse of discretion on the part of the trial judge, and raises five contentions to support his claim.

The first three such allegations relate to the failure of the trial judge, in his order revoking probation, to set forth the findings and conclusions upon which it acted, and the failure to state the exact laws which appellant had allegedly violated. The record reflects that no request was

842

made by appellant for the trial court to make formal findings or for a clarification of the court's conclusions. Flournoy v. State, 481 S.W.2d 900 (Tex.Cr.App.1972). The trial judge stated that appellant unlawfully possessed a pistol. No explanation of the order was sought.

Appellant next alleges that the trial court abused its discretion in revoking the probation, in that there was not sufficient evidence to show that he unlawfully possessed a pistol in violation of his probationary conditions.

A San Antonio police officer testified that on June 9, 1972, at approximately 1:45 a. m., he observed appellant's car pulling out of the parking lot of a lounge. The officer stated that the car was being operated in an erratic manner and he clocked the vehicle and ascertained its speed to be 55 miles per hour, in the 35 miles per hour zone. The officer stopped appellant and while checking identification, observed a pistol lying in plain view on a shelf directly behind the driver's side. (The lights inside appellant's 1972 Corvette were on at this time.) The pistol recovered was a .44 Magnum, fully loaded. Appellant was placed under arrest.

Appellant testified and stated that he worked on guns partly as a hobby and partly as a business. He claimed that he had been testing several weapons earlier that day at a firing range and that when he then drove to his home and unloaded the guns, he must have overlooked this particular pistol.

The trial judge was not obligated to accept appellant's story and he obviously did not. See Courtney v. State, 424 S.W.2d 440 (Tex.Cr.App.1968). The evidence presented was sufficient to justify the probation revocation. Patton v. State, 450 S.W.2d 856 (Tex.Cr.App.1970). No abuse of discretion is shown.

The judgment is affirmed.