**Michael Glenn TURNER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00562–CR.**

Court of Appeals of Texas, Dallas.

Jan. 5, 1988.

Rehearing Denied Feb. 9, 1988.

Michael R. Millican, Richardson, for appellant.

J. Matthew Goeller, McKinney, for appellee.

Before WHITHAM, McCLUNG and STEWART, JJ.

McCLUNG, Justice.

Michael Glenn Turner appeals his conviction for unlawfully carrying a handgun. The court assessed punishment at six months confinement and $600. Appellant asserts (1) the evidence was insufficient to establish that he was carrying the handgun and (2) the handgun was seized pursuant to an unlawful detention. We overrule appellant's two points of error and affirm.

Immediately before his arrest, appellant was sitting in his pickup truck in a marked parking space in an apartment complex lot at 602 West Lookout. The engine was turned off and appellant was the only person in the lot. At approximately 3:13 a.m. a police officer was dispatched to check out a disturbance call, in the 600 block of Lookout Street, regarding gunshots heard in the vicinity. The officer noticed appellant sitting in the truck and looking back at him as he drove by. The officer walked up to the

truck to speak with appellant. Appellant identified himself with a driver's license and indicated that he lived in the complex. While the officer questioned appellant about the reported disturbance, the officer noticed the butt of a pistol protruding from the visor of the pickup truck on the driver's side where appellant was sitting. The officer arrested appellant for unlawfully carrying a handgun.

Appellant first questions the sufficiency of the evidence to show that he was "carrying" a handgun. Appellant asserts that the offense involved is carrying a handgun, not possession of a handgun; thus, there must be proof of asportation of the gun to sustain the conviction. We disagree. In *Linvel v. State*, this court held that asportation of a weapon is not required in upholding a conviction for unlawfully carrying a weapon. *Linvel v. State*, 629 S.W.2d 94, 96 (Tex.App.—Dallas 1981, no pet.).

█ In order to uphold a conviction for unlawfully carrying a handgun there must be evidence in the record that appellant was carrying a handgun, on or about his person, unlawfully. Under Texas law, any carrying of a handgun is unlawful unless appellant shows that he comes within an exception to the statute. *U.S. v. Elorduy*, 612 F.2d 986 (5th Cir.1980).

█ The standard of review on a sufficiency of the evidence point is whether, taking the evidence in the light most favorable to the conviction, any rational trier of fact could have found each element of the offense beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex. Crim.App.1984 [en banc] ). The record in this case reflects that appellant was sitting in his truck with a gun in the visor above his seat. A weapon in a vehicle where the defendant is the only person in the vehicle at the time, has repeatedly been held sufficient to prove an appellant was carrying a gun "on or about his body." *See Christian v. State*, 686 S.W.2d 930, 933–34 (Tex. Crim.App.1985 [en banc] ). Appellant has presented no evidence that he comes within any of the exceptions to the statute. Accordingly, we find that a rational trier of fact could have found each element of the offense beyond a reasonable doubt.

█ In his second point of error appellant complains that the police officer found his gun as a result of an illegal detention. An officer may seize what he sees in plain sight or open view if he is lawfully where he is. *Lewis v. State*, 439 S.W.2d 351 (Tex.Crim.App.1969). A brief stop of a suspicious individual, in order to determine his identity or to maintain the status quo momentarily while obtaining more information, may be most reasonable in light of the facts known to the officer at the time. *Adams v. Williams*, 407 U.S. 143, 146, 92 S.Ct. 1921, 1923, 32 L.Ed.2d 612 (1972). The record reflects that appellant was sitting alone in his car, with the engine off when the policeman walked up to his truck in order to question him. The officer was responding to a radio dispatch regarding gunshots in that particular area. It was near three o'clock a.m. and, according to the record, appellant was the only person in the parking lot. We hold that under these circumstances, the police officer lawfully approached the appellant for information. Once the officer approached appellant, he saw the butt of appellant's pistol in plain view in the visor and, therefore, could seize it lawfully without violating appellant's constitutional rights.

Because we hold that the evidence was sufficient to convict appellant of unlawfully carrying a handgun and because we hold that evidence was obtained through a lawful seizure, we affirm.