Cadarell Jamil FREEMAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–92–01042–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 14, 1993.

Discretionary Review Refused Jan. 26, 1994.

Kirby J. Taylor, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Beverly Malazzo, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and O'CONNOR and WILSON, JJ.

## OPINION

OLIVER–PARROTT, Chief Justice.

Cadarell Jamil Freeman, appellant, entered a plea of not guilty to the misdemeanor offense of unlawfully carrying a weapon, namely a handgun. Trial was to a jury; appellant was found guilty, plead true to one

enhancement paragraph, and was sentenced by the trial court to one-year confinement in the Harris County jail. Appellant challenges the sufficiency of the evidence to support his conviction, the legality of the search and seizure, and the admission into evidence of his confession over his objection. We affirm.

## Factual background

Victor Perez testified that on July 10, 1992, around 5:00 p.m., he and his wife were driving on the high occupancy vehicle (HOV) lane on I–45 in Houston, when a white car drove up close behind them several times and swayed from the right to the left. Mr. Perez saw a police patrol, stopped, and complained about the white car.

Metro police officer Melvin Wallace testified that on July 10, 1992, about 5:23 p.m., he and fellow officer Resendez, were patrolling the I–45 HOV lane, watching for unauthorized use of the lane. He recalled Mr. Perez stopping and complaining that the white car behind him was tailgating him. Officer Wallace saw that the white car (a Ford Taurus) had three occupants, and directed Mr. Perez and the occupants of the white car to move their vehicles off the roadway onto the shoulder. Officer Wallace's testimony was confirmed by Officer Resendez.

After asking Mr. Perez for his driver's license and to remain in his stopped vehicle, Officer Wallace approached the white car and asked the driver, whom he identified in court as appellant, for his license. Appellant turned to the passenger in the rear seat (seated behind the front seat passenger) and asked him to get his driver's license out of the briefcase, which was on the back seat behind the driver. The back seat passenger reached into the briefcase, pulled out appellant's driver's license, handed it to appellant, who handed it to Officer Wallace. (Both the front and rear seats were "bench" style seats.) The briefcase was not beside the rear seat passenger, who was leaning back against the right door. Officer Wallace testified that as he stepped closer to the car to receive the license, he smelt the odor of burned marihuana inside the car.

Officer Resendez testified that his function was to back up Officer Wallace, and he positioned himself behind the right rear side of the passenger side of the white car. He stated that he was able to observe all three people in the car, and that he saw neither passenger place anything into the briefcase. He never saw the driver in possession of a firearm, nor smelled any aroma from the car because the windows were rolled up on his side.

Officer Wallace ordered appellant and the two passengers out of the car and began a search of the interior of the vehicle for marihuana. He first looked under the front seat, and, finding nothing, opened the driver's side rear door. He saw the handle of a handgun in the open briefcase on the back seat, and testified that while he did not see the gun in the possession of appellant, it was within appellant's reach.

Officer Wallace removed the handgun, showed it to Officer Resendez, and told the three man to get on the ground. According to Officer Wallace, as he patted them down, appellant stated that they had leased the car earlier in the day and that the weapon was in the car when they leased it. Officer Wallace later confirmed with the rental agency that it had leased the car about 4:23 p.m. to appellant.

Officer Wallace called the assistant district attorney on duty, gave her the facts, and asked her if she would "accept charges." She did, and Officer Wallace placed appellant under arrest.

Neither officer found any marihuana or contraband in the car.

## Sufficiency of evidence

In his first point of error, appellant contends that the evidence was insufficient to sustain his conviction for carrying a weapon, because the evidence did not show that he intentionally, knowingly, or recklessly carried *on or about his person* a handgun. In his second point of error, appellant argues the evidence is insufficient to establish the corpus delicti of the crime because the only evidence is the confession of appellant made during the pat-down search.

In reviewing the sufficiency of the evidence, this Court must view all the evidence in the light most favorable to the

verdict and then determine if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. ·*Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The standard of review on appeal is the same for both direct and circumstantial evidence. *Sutherlin v. State,* 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984); *see also Geesa v. State,* 820 S.W.2d 154, 160–61 (Tex. Crim.App.1991) (rejecting the analytical construct that for circumstantial evidence the circumstances must exclude every reasonable hypothesis except that of guilt).

Section 46.02(a) and (b) of the Texas Penal Code provides:

(a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.

(b) Except as provided in Subsection (c) [offenses committed on premises licensed to sell alcohol], an offense under this section is a Class A misdemeanor.

Tex.Penal Code Ann. § 46.02(a), (b) (Vernon 1989).

■ The Court of Criminal Appeals has declined to equate the element of "carrying on or about [the] person" in section 46.02(a) with the element of unlawful possession as set forth in the Controlled Substances Act, Tex.Health & Safety Code Ann. § 481.001 et seq. (Vernon 1992), and other possessory offenses found in the Texas Penal Code. *Christian v. State,* 686 S.W.2d 930, 932 (Tex. Crim.App.1985). In *Christian,* the court found testimony, that nun-chucks (a type of club) were located directly beneath the driver's seat where the appellant had been sitting and were protruding, sufficient to show the appellant knew the nun-chucks were there. *Id.* at 933–34. The court also cited to *Courtney v. State,* 424 S.W.2d 440 (Tex.Crim.App. 1968), noting that it had recognized that "on or about the person" extends to cover the interior of a car. *Christian,* 686 S.W.2d at 933. The court concluded that a jury could reasonably infer that the appellant was unlawfully "carrying" the nun-chucks because he was found alone behind the wheel of a car, which while parked, was running. *Christian,* 686 S.W.2d at 934. Clearly, the safety of the public is the conceptual basis of the weapon statute.

In *Courtney,* the Court of Criminal Appeals found that evidence the appellant carried a pistol in the glove compartment of his car warranted his conviction of carrying on or about his person a pistol, even where there was another person in his car. 424 S.W.2d at 441, 442. The court quoted *Wagner v. State,* 80 Tex.Crim. 66, 188 S.W. 1001, 1002 (App.1916):

[the words "about the person"] must, we believe, be held to mean, within the pistol statute, near by, close at hand, convenient of access, and within such distance of the party so having it as that such party could, without materially changing his position, get his hand on it. . . .

*Courtney,* 424 S.W.2d at 441. *See also O'Leary v. State,* 494 S.W.2d 841, 842 (Tex. Crim.App.1973) (pistol located on shelf behind driver/appellant in a Corvette); *Turner v. State,* 744 S.W.2d 318, 319 (Tex.App.— Dallas 1988, pet. ref'd) (weapon in vehicle where defendant is only person sufficient to prove weapon is about the person). In *Courtney,* in response to the arresting officer's question, "Who does this [pistol] belong to?", the appellant stepped forward. *Id.* at 440–41.

In *Curry v. State,* 465 S.W.2d 154, 155 (Tex.Crim.App.1971), the Court of Criminal Appeals concluded the appellant was carrying on or about his person a pistol, where he was the driver of a car, which had five other occupants, and the pistol was partially under the right front seat, but within his reach. *Cf. Payne v. State,* 480 S.W.2d 732, 733–34 (Tex. Crim.App.1972) (record devoid of evidence showing appellant knew or should have known of presence of pistols, that the pistols were in plain view, or that pistols were accessible to appellant; appellant was a passenger in car and pistols were in cooler in rear seat).

According to the testimony, the white car was leased to appellant. The briefcase was located directly behind appellant, within appellant's reach, according to Officer Wallace, appellant's driver's license was taken from the briefcase, and the handle of the gun was visible in the open briefcase. Appellant's

comment to Officer Wallace that the weapon was in the car when they leased the car could be reasonably interpreted as showing he knew the weapon was in the car.

The jury is the judge of the facts and the credibility of the witnesses, and may choose to believe or not believe witnesses or any portion of their testimony. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied,* 488 U.S. 872, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988). This jury listened to the facts, and heard the physical description of the inside of the car and the exact position of appellant, the brief case, and the pistol. The charge instructed the jury:

> A person commits the offense of unlawfully carrying a weapon if he intentionally or knowingly carries on or about his person a weapon, namely, a handgun.

> The term "about", as used in the phrase "about his person", as used herein means nearby, close at hand, convenient of access, and within such distance of the party so having it as that such party could, without materially changing his position, get his hands on it.

In finding appellant guilty as charged, the jury determined that the pistol was close at hand, and appellant would not have to materially change his position to retrieve it. We conclude that there was evidence from which the jury could find such facts beyond a reasonable doubt. That finding supports the verdict that appellant intentionally and knowingly carried on or about his person a handgun.

Appellant's first and second points of error are overruled.

### Legality of the search and seizure

■ In his third point of error, appellant contends he was denied his federal and state constitutional rights when the fruits of the search of the car he was driving were admitted into evidence.

Appellant filed a motion to suppress, "all evidence seized as the result of the arrest and search of the Defendant including any and all statements either written or oral made after the arrest of the Defendant" on

August 26, 1992. The record does not show any pretrial hearing or ruling on the motion. The record does show that appellant reurged his motion at the close of the State's case, and that the trial court denied it. However, when the weapon was admitted into evidence, defense counsel affirmatively stated that he had no objection. Appellant also made no objection to Officer Wallace's testimony, that appellant stated they had found the weapon in the car when they leased it.

Accordingly, we find that appellant failed to preserve point of error three, and we overrule it. *See Jones v. State,* 833 S.W.2d 118, 126 (Tex.Crim.App.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1285, 122 L.Ed.2d 678 (1993); *Gearing v. State,* 685 S.W.2d 326, 329 (Tex.Crim.App.1985) (when defendant affirmatively asserts during trial he has no objection to the admission of evidence, he waives any error in the admission of such evidence despite any pretrial ruling); *Soliz v. State,* 794 S.W.2d 110, 113 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd) (defense counsel must object every time inadmissible evidence is offered).

### The confession

■ In his fourth point of error, appellant asserts he was denied his constitutional right against self-incrimination when his confession was admitted at trial. He argues that his statement to Officer Wallace, that they had found the weapon in the car when they leased it, was a confession obtained while he was in custody or significantly deprived of his rights without any *Miranda*[1] warning being given.

As we noted above, appellant did not object to Officer Wallace's testimony concerning appellant's statement to him. Point of error four is waived, and we overrule it.

The trial court's judgment is affirmed.

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).