

# IN THE
# TENTH COURT OF APPEALS

No. 10-23-00185-CR
No. 10-23-00186-CR

**CARY LENARD HALL,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the County Court
Ellis County, Texas
Trial Court Nos. 2310055 & 2310056**

## MEMORANDUM OPINION

In three issues in appellate cause numbers 10-23-00185-CR and 10-23-00186-CR, appellant, Cary Lenard Hall, challenges his convictions for driving while intoxicated and unlawful carrying of a weapon. *See* TEX. PENAL CODE ANN. §§ 46.02(a-1)(2)(A), 49.04. Specifically, Hall contends that: (1) the trial court abused its discretion by admitting a photograph of the seized revolver instead of the actual weapon; (2) the evidence supporting his conviction for unlawful carrying of a weapon is insufficient; and (3) the

trial court erred by failing to instruct the jury that no adverse inference should be drawn from his failure to testify during the guilt-innocence phase of trial. Because we overrule all of Hall's issues in both appeals, we affirm.

## Background

At 2:15 a.m. on December 13, 2021, Officer Zachary Abrahams of the Red Oak Police Department observed a white sedan pull out of a gas station and run both a red light and a stop sign before pulling onto the highway. The driver, later identified as Hall, swerved out of his lane several times and used turn signals when they were not necessary.

Officer Abrahams activated his flashing lights and later his siren, but Hall drove past several exits with safe places to stop. Eventually, Hall exited the highway and pulled into another gas station. Hall ignored police orders to exit his car, and Officer Abrahams, as well as his backup officer, had to forcibly remove Hall from the car.

When removed from the car, Hall was belligerent, had slurred speech and watery eyes, was unsteady on his feet, and smelled of alcohol. Hall refused to comply with orders from the officers, and he refused to perform any field-sobriety tests or a blood sample. Hall was arrested for driving while intoxicated. Officer Abrahams obtained a warrant for Hall's blood, and the subsequent blood draw revealed a blood-alcohol concentration of 0.129.

After Hall's arrest, police conducted an inventory search of Hall's car. Officer Ryan Gunning of the Red Oak Police Department found a revolver in an open briefcase behind the driver's seat, within arm's reach of Hall and accessible to him from the driver's seat. The revolver was loaded with six rounds of .22-caliber bullets.

Hall was charged in two informations with driving while intoxicated and unlawful carrying of a weapon. Both offenses were tried to a jury, and at the conclusion of trial, the jury found Hall guilty of both offenses. The jury sentenced him to 180 days in jail for the driving-while-intoxicated offense and 365 days in jail on the unlawful-carrying-of-a-weapon offense, recommended that both sentences be suspended, and assessed a $1,000 fine in each case. The trial court accepted the jury's verdicts and placed Hall on community supervision for: (1) 180 days for the driving-while-intoxicated offense; and (2) 365 days for the unlawful-carrying-of-a-weapon offense. The trial court certified Hall's right to appeal in both cases, and these appeals followed.

## The Best-Evidence Rule

In his first issue in both appeals, Hall contends that the trial court abused its discretion by admitting photographs of the seized revolver in lieu of the best evidence, the revolver itself.

STANDARD OF REVIEW

We review a trial court's admission of photographs into evidence under an abuse-of-discretion standard. *Neelys v. State*, 374 S.W.3d 553, 563 (Tex. App.—Houston [14th

Dist.] 2012, pet. ref'd) (citing *Penry v. State*, 903 S.W.2d 715, 751 (Tex. Crim. App. 1995));

*see Santellan v. State*, 939 S.W.2d 155, 172 (Tex. Crim. App. 1997) ("The admissibility of

photographs over a challenge is within the discretion of the trial judge.").  We will not

reverse the trial court's ruling unless it falls outside the zone of reasonable disagreement.

*See Resendiz v. State*, 112 S.W.3d 541, 546 (Tex. Crim. App. 2003).

DISCUSSION

At trial, Hall's counsel objected to the admissibility of State's Exhibits 7, 8, and 9,

which were photographs of the revolver and ammunition seized from Hall's vehicle.

Hall's counsel invoked the best-evidence rule, arguing that the best evidence would have

been the actual weapon itself rather than photographs of the weapon.  The best-evidence

rule provides that:  "An original writing, recording, or photograph is required in order

to prove its content unless these rules or other law provides otherwise."  TEX. R. EVID.

1002.  However, Rule 1002 does not prohibit a party from offering a photograph of the

original evidence.  *See id.*; *see also Moreno v. State*, No. 13-15-00159-CR, 2016 Tex. App.

LEXIS 11341, at **14-16 (Tex. App.—Corpus Christi Oct. 20, 2016, pet. ref'd) (mem. op.,

not designated for publication) (concluding that the trial court did not abuse its discretion

by admitting a photograph of a firearm rather than the firearm itself over trial counsel's

best-evidence objection).

Moreover, Hall's interpretation of Rule 1002 is inconsistent with the underlying

purposes of the rule, as outlined below:

(1) The nature of documents is often such that the exact words are of more than average importance, particularly in the case of operative or dispositive instruments . . . where a slight variation of words may mean a great difference in rights.

(2) Secondary evidence—whether parol testimony or copies—is susceptible to both human and mechanical error. The rule, therefore, enhances the probability of accuracy.

(3) The rule promotes the prevention of fraud because it allows the parties to examine documents for any defects or alterations, and it dampens any desire to color testimony as to the contents of documents, since any testimony is subject to immediate corroboration.

(4) The appearance of the original may furnish information as to its authenticity and significance that may be lacking in a copy, such as handwriting, paper and the like.

*Englund v. State*, 946 S.W.2d 64, 67-68 (Tex. Crim. App. 1997) (en banc) (internal citations & quotations omitted).

Here, the exhibits in question were not photographs of original writings, recordings, or photographs that would require proof of their contents to trigger the applicability of Rule 1002. Rather, as explained by Officer Ryan Gunning of the Red Oak Police Department, the photographs depicted "a pistol, a serial number, and ammunition that was loaded in the pistol"—all of which were recovered by police following a search of Hall's vehicle in connection with their investigation of Hall for driving while intoxicated. Accordingly, we hold that the trial court did not abuse its discretion by

admitting State's Exhibits 7, 8, and 9 over Hall's best-evidence objection.[1] *See* TEX. R. APP.

P. 1002; *Santellan*, 939 S.W.2d at 172; *Penry*, 903 S.W.2d at 751; *Neelys*, 374 S.W.3d at 563;

*see also Moreno*, 2016 Tex. App. LEXIS 11341, at **14-16. We overrule Hall's first issue in

both appeals.

## Sufficiency of the Evidence

In his second issue in both appeals, Hall asserts that the evidence is insufficient to

support his conviction for unlawful carrying of a weapon. Specifically, Hall contends

that the evidence does not prove beyond a reasonable doubt that he had knowledge that

the weapon was inside the vehicle and that he had control over the weapon.

STANDARD OF REVIEW

The Court of Criminal Appeals has expressed our standard of review of sufficiency

issues as follows:

> When addressing a challenge to the sufficiency of the evidence, we consider
> whether, after viewing all of the evidence in the light most favorable to the
> verdict, any rational trier of fact could have found the essential elements of

---

[1] On appeal, Hall also appears to raise authenticity and chain-of-custody arguments regarding State's Exhibits 7, 8, and 9. *See Davis v. State*, 992 S.W.2d 8, 10-11 (Tex. App.—Houston [1st Dist.] 1996, no pet.) ("An objection to the chain of custody is similar to an objection to inadequate authentication or identification in that both objections complain of the lack of the proper predicate to admitting the item in question."); *see also Lopezgamez v. State*, 622 S.W.3d 445, 457-58 (Tex. App.—Fort Worth 2020, pet. ref'd) (reviewing "chain of custody" complaints as complaints that evidence was not authenticated under Texas Rule of Evidence 901, even when appellant's trial objection did not mention authentication or the rule). However, Hall's entire trial objection to State's Exhibits 7, 8, and 9 was: "Your Honor, I would object as to best evidence, that if they do still have the firearm, if they want to admit that, I think that should be done." Hall's authenticity and chain-of-custody arguments do not comport with the objection made in the trial court and, thus, are not preserved. *See* TEX. R. APP. P. 33.1(a)(1); *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998); *see also Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) ("Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review.").

the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979); *Villa v. State*, 514 S.W.3d 227, 232 (Tex. Crim. App. 2017). This standard requires the appellate court to defer "to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319. We may not re-weigh the evidence or substitute our judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). The court conducting a sufficiency review must not engage in a "divide and conquer" strategy but must consider the cumulative force of all the evidence. *Villa*, 514 S.W.3d at 232. Although juries may not speculate about the meaning of facts or evidence, juries are permitted to draw any reasonable inferences from the facts so long as each inference is supported by the evidence presented at trial. *Cary v. State*, 507 S.W.3d 750, 757 (Tex. Crim. App. 2016) (citing *Jackson*, 443 U.S. at 319); *see also Hooper v. State*, 214 S.W.3d 9, 16-17 (Tex. Crim. App. 2007). We presume that the factfinder resolved any conflicting inferences from the evidence in favor of the verdict, and we defer to that resolution. *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). This is because the jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight to be given to the testimony. *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Direct evidence and circumstantial evidence are equally probative, and circumstantial evidence alone may be sufficient to uphold a conviction so long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Ramsey v. State*, 473 S.W.3d 805, 809 (Tex. Crim. App. 2015); *Hooper*, 214 S.W.3d at 13.

We measure whether the evidence presented at trial was sufficient to support a conviction by comparing it to "the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge is one that "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*; *see also Daugherty v. State*, 387 S.W.3d 654, 665 (Tex. Crim. App. 2013). The "law as authorized by the indictment" includes the statutory elements of the offense and those elements as modified by the indictment. *Daugherty*, 387 S.W.3d at 665.

*Zuniga v. State*, 551 S.W.3d 729, 732-33 (Tex. Crim. App. 2018).

APPLICABLE LAW

For the offense of unlawful carrying of a weapon, as alleged here, the State must prove beyond a reasonable doubt that Hall intentionally, knowingly, or recklessly carried a handgun on or about his person in a motor vehicle under his control while engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic or boating. *See* TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A); *see also Childress v. State*, No. 06-19-00125-CR, 2020 Tex. App. LEXIS 1170, at *5 (Tex. App.—Texarkana Feb. 12, 2020, no pet.) (mem. op., not designated for publication). On appeal, Hall contests only whether the gun was on or about his person and his mental state.

"[O]N OR ABOUT THE PERSON

"[O]n or about the person" has been construed to mean "near by, close at hand, convenient of access, and within such distance of the party so having it as that such party could, without materially changing his position, get his hand on it[.]" *Courtney v. State*, 424 S.W.2d 440, 441 (Tex. Crim. App. 1968); *see Contreras v. State*, 853 S.W.2d 694, 696-97 (Tex. App.—Houston [1st Dist.] 1993, no pet.) (noting that a weapon within arm's reach inside a vehicle is "on or about his person"). Texas courts have further explained that "on or about the person" includes the interior of a person's car. *See Christian v. State*, 686 S.W.2d 930, 933-34 (Tex. Crim. App. 1985) (concluding that the evidence was sufficient to

support a finding that a weapon was "on or about" the defendant's person where nun-chucks were found under the driver's seat).

In the instant case, Officer Gunning testified that the revolver was found in an open briefcase behind the driver's seat. He mentioned that the revolver was within arm's reach of Hall and could be reached easily. The jury also viewed bodycam videos that showed the positioning of the briefcase and how Hall could have reached the revolver without materially altering his position. Therefore, viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Hall was carrying the revolver on or about his person. *See Flores v. State*, 895 S.W.2d 435, 446 (Tex. App.—San Antonio 1995, no pet.) (holding the evidence sufficient as to the "on or about the person" element where two handguns were found inside a vehicle—one in an unlocked console beside the driver's seat and a second in a paper bag behind the driver's seat); *Freeman v. State*, 864 S.W.2d 757, 759 (Tex. App.—Houston [1st Dist.] 1993, pet. ref'd) (holding the evidence sufficient as to the "on or about the person" element where a handgun was found in a briefcase located directly behind appellant, within appellant's reach); *Turner v. State*, 744 S.W.2d 318, 319 (Tex. App.—Dallas 1988, pet. ref'd) (explaining that "[a] weapon in a vehicle where the defendant is the only person in the vehicle at the time, has repeatedly been held sufficient to prove an appellant was carrying a gun 'on or about his body'"); *see also Sumrall v. State*, Nos. 12-20-00215-CR & 12-20-00216-CR, 2021 Tex. App. LEXIS 7587, at **16-17 (Tex. App.—Tyler

Aug. 25, 2021, no pet.) (mem. op., not designated for publication) (concluding a handgun discovered in a first-aid kit behind the driver's seat of the vehicle was "on or about the person").

CULPABLE MENTAL STATE

Next, we address the culpable-mental-state element. As stated above, the State was required to prove beyond a reasonable doubt that Hall intentionally, knowingly, or recklessly carried the gun. A culpable mental state is invariably proved by circumstantial evidence. *Giddens v. State*, 256 S.W.3d 426, 434 (Tex. App.—Waco 2008, pet. ref'd); *see Dillon v. State*, 574 S.W.2d 92, 94 (Tex. Crim. App. 1978). The jury may infer intent from any acts in evidence that the jury determines prove the existence of an intent. *Brown v. State*, 122 S.W.3d 794, 800 (Tex. Crim. App. 2003); *see Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002) (stating that the factfinder may infer intent or knowledge from any facts that tend to prove its existence, including acts, words, and conduct of the accused).

The jury could rationally infer Hall's awareness of the presence of the gun considering the gun was located directly behind Hall's seat in a car that he was driving by himself and had exclusive control over. Additionally, the gun was in an open container that Officer Gunning testified could be easily reached by Hall while sitting in the driver's seat.

Furthermore, Hall's behavior toward police, including continued evasion after police first tried to stop him, non-compliance with police orders, and furtive gestures

such as turning away from police, indicate a consciousness of guilt that the jury could consider in determining the culpable mental state. *See Alba v. State*, 905 S.W.2d 581, 586 (Tex. Crim. App. 1995) ("[F]light is admissible as a circumstance from which an inference of guilt may be drawn.") (citing *Foster v. State*, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989)); *see also Hyde v. State*, 846 S.W.2d 503, 505 (Tex. App.—Corpus Christi 1993, pet. ref'd) ("A 'consciousness of guilt' is perhaps one of the strongest kinds of evidence of guilt. It is consequently a well[-]accepted principle that any conduct on the part of a person accused of a crime subsequent to its commission, which indicates a 'consciousness of guilt,' may be received as a circumstance tending to prove that he committed the act with which he is charged." (internal citation omitted)).

Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have determined beyond a reasonable doubt that Hall knew that the revolver was present in the vehicle. Therefore, we hold that the evidence is sufficient to support Hall's conviction for unlawful carrying of a firearm. *See* TEX. PENAL CODE ANN. § 46.02(a-1)(2)(A); *see also Zuniga*, 551 S.W.3d at 732-33. We overrule Hall's second issue in both appeals.

### The Jury Charge

In his third issue in both appeals, Hall complains that the trial court failed to provide an instruction in the guilt-innocence charge that the jury could not draw any adverse inference from his failure to testify.

STANDARD OF REVIEW

In reviewing a jury-charge error issue, an appellate court's first duty is to determine whether the charge contains error. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005); *Hutch v. State*, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996). If the jury charge contains error, the appellate court must analyze that error for harm. *Ngo*, 175 S.W.3d at 743; *Middleton v. State*, 125 S.W.3d 450, 453-54 (Tex. Crim. App. 2003).

APPLICABLE LAW

"*Upon request from a defendant*, a trial judge must instruct jurors that they may not draw any adverse inference from a defendant's failure to testify." *Beathard v. State*, 767 S.W.2d 423, 432 (Tex. Crim. App. 1989) (emphasis added). In the absence of a proper request or timely objection, the trial court is under no obligation to give the instruction and does not err in excluding the no-adverse-inference instruction in the charge. *See Michaelwicz v. State*, 186 S.W.3d 601, 624 (Tex. App.—Austin 2006, pet. ref'd); *see also Ramirez v. State*, 2009 Tex. App. LEXIS 368, at *45 (Tex. App.—Corpus Christi Jan. 22, 2009, no pet.) (mem. op., not designated for publication). The decision to request a no-adverse-inference instruction is discretionary and a matter of trial strategy. *Calderon v. State*, 950 S.W.2d 121, 132 (Tex. App.—El Paso 1997, no pet.); *see Michaelwicz*, 186 S.W.3d at 624 ("Defense counsel may not want the 'no adverse inferences' instruction given for a variety of reasons.").

DISCUSSION

Here, Hall's trial counsel did not request that a no-adverse-inferences instruction be included in the guilt-innocence charge. Accordingly, we conclude that the trial court did not err by failing to include a no-adverse-inferences instruction in the charge. We overrule Hall's third issue in both appeals.

## Conclusion

Having overruled all of Hall's issues in both appeals, we affirm the judgments of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
(Chief Justice Gray concurs)
Affirmed
Opinion delivered and filed January 11, 2024
Do not publish
[CR25]

