11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Samuel Benson

Appellant

Vs.                   No.
11-02-00103-CR B Appeal from Dallas County

State of Texas

Appellee

 

Samuel Benson
appeals from the judgment revoking his community supervision.  Appellant originally pleaded guilty to the
offense of assault on a public servant. 
The trial court assessed appellant=s punishment at confinement for 10 years and a fine of $1,000, but the
trial court suspended the imposition of the confinement and placed appellant on
community supervision for 7 years.  The
State subsequently filed a motion to revoke appellant=s community supervision.  After a hearing, the trial court revoked
appellant=s community supervision and assessed
punishment at confinement for 2 years. 
We modify and, as modified, affirm.

The trial
court found that two of the allegations in the motion to revoke were Atrue.” 
Those allegations were that appellant had failed to make a $50 monetary
contribution to Dallas Area Crime Stoppers, Inc. on or before May 1, 1999, and
that he had failed to successfully complete a Salvation Army aftercare program.

Appellate
review of an order revoking community supervision is limited to an abuse of the
trial court=s discretion.  In determining questions regarding sufficiency of the evidence,
the burden of proof is by a preponderance of the evidence.  Cardona v. State, 665 S.W.2d 492, 493
(Tex.Cr.App.1984).  The State is only
required to prove one violation of the terms and conditions of community
supervision to carry its burden of proof. 
Moses v. State, 590 S.W.2d 469 (Tex.Cr.App.1979).








The trial
court, in its original Conditions of Probation Order dated January 14, 1999, ordered
appellant to pay the Crime Stoppers fee on or before May 1, 1999.  At the time of the revocation hearing,
February 15, 2002, appellant had not paid the $50 fee.  The inability of a defendant to pay
court-ordered fees is an affirmative defense to revocation, which the defendant
must prove by a preponderance of the evidence. 
TEX. CODE CRIM. PRO. ANN. art. 42.12, ' 21(c) (Vernon Supp. 2003).  The
defendant bears the burden of producing evidence and the ultimate burden of
persuasion on the issue of inability to pay. 
Stanfield v. State, 718 S.W.2d 734, 737 (Tex.Cr.App.1986).  The State need not affirmatively demonstrate
that the defendant had the financial ability to make the payments he failed to
make.  The State, however, still has the
burden of proving that an alleged failure to pay an ordered fee was
intentional.  Stanfield v. State, supra
at 738.

Appellant
testified that he was unable to pay his probation fees when he was unemployed
or incarcerated.  He acknowledged that
he was employed at times during his community supervision term and that he was
able to make payments during that time. 
Appellant did not present any evidence that he was incarcerated or
unemployed as of May 1, 1999, the date he was ordered to pay the $50 Crime
Stoppers fee.  Appellant=s general statement that he was paying when
he could failed to satisfy his burden of proof.  See Joseph v. State, 3 S.W.3d 627, 641-42 (Tex.App. - Houston
[14th Dist.] 1999, no pet=n)(holding inability to pay Crime Stoppers fee not established where
defendant presented no evidence that he was unable to pay the $50 fee by the
date it was due); Jackson v. State, 915 S.W.2d 104, 107 (Tex.App. - San Antonio
1996, no pet=n)(holding defendant failed to prove
inability to pay by preponderance of evidence where defendant established only
that he may have been unemployed at certain times during the period of
probation).  The court in Stanfield
stated that A[o]ne who has the ability to pay that which
he is required to pay but does not, without more, leaves a factfinder with a
strong inference that his failure is intentional.”  Stanfield v. State, supra at 738.  Here, the evidence indicates that appellant was working
sporadically, and an inference of intentional nonpayment exists.

Appellant
was ordered by the trial court as Aaftercare treatment@ to go to the Salvation Army for drug and alcohol treatment.  Appellant was subsequently Aunsuccessfully@ discharged from treatment. 
Tina Calistan, a Dallas probation officer, was assigned to supervise
appellant.  Calistan, testifying from
official probation department records, stated that appellant was discharged
because he became disruptive in the program, affecting his and other clients= recovery, and that appellant began making
threats to other clients and also the staff. 
Furthermore, appellant was given a breath analysis test that tested
positive for alcohol.  After being
warned that he could have no more rule violations, appellant was 1 hour and 46
minutes late from a pass.








William
Taylor, a licensed chemical dependency counselor working for the Salvation
Army, testified that appellant was placed on Taylor=s case load for supervision.  Taylor described the alcohol incident and a
confrontation that appellant had had with another client over the use of a
public telephone at the facility. 
Taylor testified that he thought appellant tested .052 on the
breathalyzer test.  Taylor stated that
appellant=s explanation for the positive breathalyzer
test was that he had been taking cough syrup.

Appellant
testified that the telephone incident was not his fault and that he was being
retaliated against by the case aid office because he had filed a
grievance.  He stated that the
breathalyzer was not working properly and that he had taken some ARobitussin@ cough syrup before taking the breathalyzer test.  Appellant stated that he was working a very
positive program and that the Alevel-up@ sheet confirmed that staff members thought
he was performing well.  The trial court
was not obligated to accept appellant=s version of the disputed facts. 
O=Leary v. State, 494 S.W.2d 841, 842
(Tex.Cr.App.1973).

The State
recalled Taylor after appellant testified, and Taylor stated that all a person
had to do to Alevel-up from a level one to a two” was Aobtain all your legal documents, your Social
Security card, [and] apply for a Texas State ID or a driver=s license and birth certificate.”  Taylor testified that, based on his
knowledge of appellant, he was of the opinion that appellant was correctly Aunsuccessfully” discharged based on appellant=s behavior while he was at the Salvation
Army.

We hold
that the trial court did not abuse its discretion in revoking appellant=s community supervision.  

We note
that the judgment revoking community supervision recites that the trial court
assessed a fine of $1,000.  The reporter=s record reflects that the trial court
sentenced appellant in open court to imprisonment for 2 years.  The trial court did not assess a fine.  Therefore, the judgment will be modified to
reflect imprisonment for 2 years and no assessed fine.

The
judgment of the trial court is modified and, as modified, affirmed.

 

AUSTIN
McCLOUD

July 24, 2003                                                               SENIOR
JUSTICE

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and

McCall, J., and McCloud, S.J.[1]











[1]Austin McCloud, Retired Chief Justice, Court of
Appeals, 11th District of Texas at Eastland, sitting by assignment.